```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

In Re:                             :  Bankr. No. 05-36870-NVA
PAUL WYE NOCHUMOWITZ               :  (Chapter 7)
                                   :
*   *   *   *   *   *   *          :
                                   :
GEORGE W. LIEBMANN                 :
                                   :
v.                                 :  Bankr. Adversary No. 06-1578
                                   :  Civil Action No. WMN-06-2583
PAUL WYE NOCHUMOWITZ et. al        :
```

**MEMORANDUM**

Before the Court is the motion of George W. Liebmann ("Trustee"), as Chapter 7 Trustee for Paul Wye Nochumowitz, to withdraw the Order of Reference of adversary proceeding to the Bankruptcy Court.  Paper No. 1.  Non-debtor Defendants, Amie Sue Nochumowitz, Jayne Hope Nochumowitz, Ethan Shale Nochumowitz, Fred Nochumowitz, Mildred Nochumowitz, and Joanne Block Rief (collectively, the "Non-Debtor Defendants"), have opposed the motion.  Debtor Defendant Paul Wye Nochumowitz has joined the opposition of the Non-Debtor Defendants.  The Motion to Withdraw the Order of Reference is now ripe for decision.  Upon a review of the motions and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Trustee's motion will be granted.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On July 31, 2006, Trustee filed a Complaint and Demand for a Jury Trial in the United States Bankruptcy Court for the District of Maryland.  The Complaint alleged sixteen counts: Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202 (Count I); Objection to Debtor's Discharge Pursuant to 11 U.S.C. §§ 727(a)(2-5) (Count

II); Monetary Judgment for and Avoidance of Fraudulent Transfers Pursuant to Title 11 (Counts III, IV, VI, VIII, X, XII); Monetary Judgment for and Avoidance of Fraudulent Transfers Pursuant to Title 11 and the Maryland Uniform Fraudulent Conveyances Act (Counts V, VII, IX, XI, XIII, XV); Disallowance or Equitable Subordination Pursuant to Title 11 (Count XIV); and Monetary Judgment for Aiding and Abetting Fraudulent Conveyances (Count VXI).  In the instant motion, Trustee argues that these claims give rise to a right to a jury trial.

## II. LEGAL STANDARDS

The procedural rules regarding the referral of bankruptcy cases are set out in 28 U.S.C. § 157.  Section 157(d) provides that district courts "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  Section 157(e) provides that "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."

The Seventh Amendment of the U.S. Constitution provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved . . . ." U.S. Const. amend. VII.  The United States Supreme Court articulated the test for determining whether a Seventh Amendment right to a jury trial applies in <u>Granfinanciera, S.A. v.</u>

2

Nordberg, 492 U.S. 33, 42 (1989).  First, the Court must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity."  Granfinanciera, S.A., 492 U.S. at 42 (quoting Tull v. United States, 481 U.S. 412, 417-418, (1987)) (citations omitted).  Second, the Court must "examine the remedy sought and determine whether it is legal or equitable in nature."  Id.  "The second stage of the analysis is more important than the first."  Id.  After applying these considerations, if the Court concludes that the right to a jury trial applies, it must then "decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a factfinder."  Id.

### III. DISCUSSION

Trustee argues that his right to a jury trial arises from his claims for money damages for fraudulent conveyances, aiding and abetting, and for any factual issues arising in his claims for equitable relief that are common with the factual issues in his legal claims.  The United States Supreme Court, in Granfinanciera, S.A., addressed the issue of whether the right to a jury trial arises from a claim for the recovery of a fraudulent conveyance.  492 U.S. at 36.  There, a trustee in a bankruptcy proceeding brought a claim for the recovery of a preferential or fraudulent conveyance against a creditor who had not filed a proof of claim against the estate.  Id. at 36-37.  The creditor demanded a jury trial.  Id.  The Court held that the trustee

3

"would have had to bring his action to recover an alleged fraudulent conveyance of a determinate sum of money at law in 18th-century England, and that a court of equity would not have adjudicated it."  Id. at 46-47.  Further, the Court found that the nature of the relief sought, monetary damages, "strongly supports our preliminary finding that the right [the trustee] invokes should be denominated legal rather than equitable."  Id. at 47.

The analysis of the Granfinanciera, S.A. applies to Trustee's fraudulent conveyance claims in the instant case.  As found in Granfinanciera, S.A., Trustee's claims to recover damages for alleged fraudulent conveyances would have been brought before a court of law in 18th-century England.  Id. at 46-47.  Further, the nature of the relief requested by Trustee, monetary damages, supports a finding that his fraudulent conveyance action is an action at law.  Id. at 47; Dairy Queen, Inc. v. Wood, 369 U.S. 469, 476 (1972) ("Petitioner's contention . . . is that insofar as the complaint requests a money judgment it presents a claim which is unquestionably legal.  We agree with that contention.").

In contesting Trustee's right to a jury trial, Non-Debtor Defendants rely on Trustee's claims for declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, and Trustee's objection to Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2-5).  They argue that Trustee's claims are primarily equitable in nature and, therefore, a jury trial is not warranted, despite Trustee's

4

additional claims involving fraudulent conveyances.[1]  Non-Debtor Defendants, however, fail to adequately support their contention that the Seventh Amendment right to a jury trial dissipates where the Trustee's claims are "primarily equitable in nature."  Paper No. 2, p. 3.[2]  Conversely, the Supreme Court has held that "where both legal and equitable issues are presented in a single case, 'only under the most imperative circumstances . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims.'"  Dairy Queen, Inc., 369 U.S. at 473 (quoting Beacon Theatres v. Westover, 359 U.S. 500, 510-11

---

[1] To support the proposition that a claim involving a fraudulent conveyance does not give rise to a Seventh Amendment right to a jury trial, Non-Debtor Defendants rely on two cases, neither of which are applicable to the issue presented in the instant motion.  First, U.S. v. Jones held that a defendant waived his Seventh Amendment rights by failing to timely file a request for a jury trial.  158 F.R.D. 309, 312 (D.N.J. 1994).  In dicta, the Jones Court found that the defendant's claim, which sought foreclosure of property rather than monetary damages, would have constituted a claim in equity.  Id.  Second, unlike the procedural posture of the instant case, In re Hechinger Inv. Co. of Del. found that "[w]hen a creditor files a proof of claim against the bankruptcy estate, the creditor loses his or her right to a jury trial for that claim. . . . Such an action triggers the process of allowance and disallowance of the claim, thereby subjecting the creditor to the bankruptcy court's equitable power."  327 B.R. 537, 545 (D. Del. 2005) (citations omitted).

[2] Non-Debtor Defendants refer to language from Granfinanciera, S.A., which stands for the proposition that the Seventh Amendment right to a jury trial does not apply in suits involving equitable rights alone.  See Granfinanciera, S.A., 492 U.S. at 41 ("We have consistently interpreted the phrase 'Suits at common law' to refer to 'suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.'" (quoting Parsons v. Bedford, 3 Pet. 433, 447 (1830)) (emphasis in Parsons).

5

(1959)).  Thus, "as long as there is a legal claim, 'the jury trial rights it creates control.'"  In re Stansbury Poplar Place, Inc., 13 F.3d 122, 125 (4th Cir. 1993) (quoting Dairy Queen, Inc., 369 U.S. at 473)).

Finally, this Court must "decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a factfinder."  Granfinanciera, S.A., 492 U.S. at 42.  In making this decision, the Court must consider whether the right being adjudicated constitutes a "public" or "private" right.  Id. at 53 ("Unless a legal cause of action involves 'public rights,' Congress may not deprive parties litigating over such a right of the Seventh Amendment's guarantee to a jury trial.").  A bankruptcy trustee's right to recover fraudulent conveyances is a private right, which carries the Seventh Amendment's guarantee of a jury trial.  Id. at 55-56.[3]  Because the Seventh Amendment right to a jury trial attaches to Trustee's claims, the bankruptcy court may only conduct a jury trial to adjudicate those claims in a proceeding where the district court has specifically designated it to do so and where the parties to the

---

[3] The Supreme Court has noted that "[t]here can be little doubt that fraudulent conveyance actions by bankruptcy trustees-suits which, we said in Schoenthal v. Irving Trust Co., 287 U.S. [92], 94-95, (citation omitted), 'constitute no part of the proceedings in bankruptcy but concern controversies arising out of it' -are quintessentially suits at common law that more nearly resemble state-law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res." Granfinanciera, S.A., 492 U.S. at 56.

6

matter consent.  28 U.S.C. § 157(e).  Here, Trustee does not consent to a jury trial before the bankruptcy court and, therefore, his motion to withdraw the order of reference to that court should be granted.  See In re Chiodo, 88 B.R. 780, 787 (W.D. Tex. 1988) (The bankruptcy court is without power to hear a proceeding which gives rise to the Seventh Amendment right to a jury trial where the parties have not consented to determination of the issues by the bankruptcy court).

    The finding that Trustee is entitled to a jury trial does not immediately divest the bankruptcy court of jurisdiction over this matter.  See In re Stansbury Poplar Place, Inc., 13 F.3d 122, 128 (4th Cir. 1993).  The district court may "delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial."  Id.; see also Travelers Ins. Co. v. Goldberg, 135 B.R. 788, 792 (D. Md. 1992) (The decision as to when to withdraw referral "is frequently more a pragmatic question of efficient case administration than a strictly legal decision.").  Here, Trustee has requested immediate withdraw of the order of reference, or, in the alternative, withdraw upon the completion of discovery and resolution of any dispositive motions in the bankruptcy court. Non-Debtor Defendants have presented no argument as to whether immediate withdraw would be less efficient or pragmatic.  Finding no substantial inefficiencies which would result from immediate withdraw, the Court will grant Trustee's request and withdraw the

order of reference to the bankruptcy court immediately.

**IV. CONCLUSION**

    For the above stated reasons, Trustee's Motion to Withdraw the Order of Reference of Adversary Proceeding will be GRANTED. A separate order consistent with this memorandum will follow.

                                      /s/

                        William M. Nickerson
                        Senior United States District Judge

Dated: October 25, 2006