**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| In Re: | : | Bankr. No. 05-36870-NVA |
| PAUL WYE NOCHUMOWITZ | : | (Chapter 7) |
| | : | |
| *   *   *   *   *   *   * | : | |
| | : | |
| GEORGE W. LIEBMANN | : | |
| | : | |
| v. | : | Bankr. Adversary No. 06-1578 |
| | : | Civil Action No. WMN-06-2583 |
| PAUL WYE NOCHUMOWITZ <u>et. al</u> | : | |

**MEMORANDUM**

Before the Court is the motion of Amie Sue Nochumowitz, Jayne Hope Nochumowitz, Ross Adam Nochumowitz, Ethan Shale Nochumowitz, Fred Nochumowitz, Mildred Nochumowitz, and Joanne Block Rief (collectively, Defendants), to dismiss several counts of the complaint filed by George W. Liebmann (Trustee), the Chapter 7 Trustee for Debtor Defendant Paul Wye Nochumowitz (Nochumowitz or the Debtor).  Paper No. 8.[1]  Nochumowitz has joined the motion of Defendants.  Paper No. 9.  The motion to Dismiss is now ripe for decision.  Upon a review of the motion and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion will be granted in part and denied in part.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

---

[1]  Trustee has filed a Motion for Leave to File Surreply, alleging that Defendants raised new legal issues in their Reply brief.  Paper No. 19.  The Court will consider the Surreply in accordance with Local Rule 105.2(a).  The Court has also read and considered Defendants' submission of an Opposition to Trustee's Surreply.  Paper No. 20.  Also before the Court is Defendants' Motion to Strike Jury Demand. Paper No. 7.  Because the Court has found that Trustee's claims give rise to a jury trial under the Seventh Amendment, that motion will be denied.  <u>See</u> Mem. & Order dated Oct. 25, 2006, Papers No. 5, 6.

On October 12, 2005, Nochumowitz filed a voluntary petition for a Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Maryland.  On July 31, 2006, Trustee filed a Complaint and Demand for a Jury Trial in that Court alleging that Nochumowitz, a former landlord in Baltimore City, engaged in a series of fraudulent business transactions designed to conceal his assets to avoid actual and potential liability resulting from lead paint claims which former tenants had filed against him.[2] Trustee claims that, as part of the alleged scheme, Nochumowitz concealed his assets by creating new businesses in which he purported to have no interest,[3] establishing illusory trusts in the names of his children,[4] and purporting to transfer several

---

[2]  The Complaint alleges sixteen counts: Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202 (Count I); Objection to Debtor's Discharge Pursuant to 11 U.S.C. §§ 727(a)(2-5) (Count II); Monetary Judgment for and Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 544(a)(1) (Count III); Monetary Judgment for and Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548, 550 (Counts IV, VI, VIII, X, XII); Monetary Judgment for and Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 550 and the Maryland Uniform Fraudulent Conveyances Act (Counts V, VII, IX, XI, XIII, XV); Disallowance or Equitable Subordination Pursuant to 11 U.S.C. § 510(c) (Count XIV); and Monetary Judgment for Aiding and Abetting Fraudulent Conveyances (Count XVI).

[3]  The Complaint alleges that Nochumowitz concealed his interest in businesses nominally controlled by his wife, Amy Sue Nochumowitz and Dr. Joanne Block Rief, the wife of his business partner, Marshall Rief.  These businesses include Big Boyz Bail Bonds, Inc., Big Girlz, LLC, Control Properties, LLC, and Gunner Bay, LLC.  Compl. 11-13.

[4]  The Complaint alleges that Nochumowitz manages and operates several trust accounts purportedly titled in the names of his children and that Nochumowitz has borrowed from these accounts for personal and professional uses.  Compl. 15-16.

assets to Amy Sue Nochumowitz (the Debtor's wife) and Joanne
Rief.[5]  The Complaint alleges that, though he purported to convey
these "concealed assets" to others in an effort to defraud his
actual and potential creditors, in reality, Nochumowitz remains
the owner of the assets and continues to operate, manage, and
make business decisions regarding the assets.  Further,
throughout the three years preceding the filing of the bankruptcy
petition, Trustee alleges that Nochumowitz has continued to
fraudulently transfer substantial income generated by the
concealed assets to Defendants.

On October 25, 2006, this Court granted Trustee's motion to
withdraw the adversary proceeding from the Bankruptcy Court.
Paper No. 5.  In the instant motion, Defendants seek to dismiss
Counts I, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV,
XV, and XVI, asserting that each claim is barred by the
applicable statute of limitations.

## II. LEGAL STANDARDS

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal
Rules of Civil Procedure should not be granted unless "it appears
beyond doubt that the plaintiff can prove no set of facts in
support of his claim which would entitle him to relief."  Conley
v. Gibson, 355 U.S. 41, 45-46 (1957).  In considering such a
motion, the court is required to accept as true all well-pled

---

[5]  The assets Nochumowitz is alleged to have concealed
include thousands of ground rent deeds which generate net fees of
approximately $50,000 per month.  Compl. 13-15.

allegations in the Complaint, and to construe the facts and reasonable inferences from those facts in the light most favorable to the plaintiff.  See Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997).  "To survive [a] motion to dismiss, Plaintiffs must have alleged facts that show that they are entitled to relief on their substantive causes of action." In re Criimi Mae, Inc. Securities Litigation, 94 F. Supp. 2d 652, 656 (D. Md. 2000).

**III. DISCUSSION**

   A. Declaratory Judgment

   Trustee first asks the Court to enter a declaratory judgment affirming that Nochumowitz maintains an interest in the concealed assets listed in the Complaint and affirming that those assets are subject to the claims of his creditors.  In the alternative, Trustee asks the Court to declare that Nochumowitz is not entitled to a discharge in bankruptcy.  The Declaratory Judgments Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The exercise of jurisdiction under the Act is discretionary.  Brillhart v. Excess Ins. Co., 316 U.S. 491, 494 (1942).  In its discretion, the Court must be satisfied that declaratory relief is appropriate.  North East Insurance Company v. Northern Brokerage Company, 780 F.Supp. 318, 320 (D. Md. 1991) (holding that, to ascertain

4

appropriateness, the Court should ask: "(1) whether the judgment will serve a useful purpose in clarifying the legal relations in issue; or (2) whether the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." (citing <u>White v. National Union Fire Insurance Co.</u>, 913 F.2d 165, 167-68 (4th Cir. 1990)).

In their motion to dismiss, Defendants argue that, because the applicable statutes of limitation bar the substantive counts in the complaint, Trustee's claim for declaratory judgment is also barred by limitations.[6]  As a general rule, an action for declaratory judgment will be barred to the same extent the applicable statute of limitations bars an underlying action in law or equity.  <u>See</u> <u>Algrant v. Evergreen Valley Nurseries Ltd.</u>, 126 F.3d 178, 181 (3d Cir. 1997) (finding that "an action for declaratory relief will be barred to the same extent that the applicable statute of limitations bars the concurrent legal remedy").  As discussed below, because the Court finds that Trustee's substantive claims are not barred under the applicable statutes of limitation, his claim for declaratory judgment will

---

[6]  In their reply, Defendants also contend that Trustee lacks standing under sections 541, 704 and 544 of the bankruptcy code to assert a claim against third parties to recover assets which it claims are part of the estate under an alter ego theory designed to pierce the corporate veil.  Here, Trustee does not advance an alter ego theory.  Additionally, it is uncontested that under section 548 of title 11, which is asserted by the Trustee, standing exists "not only to sue to obtain a declaration that certain property is property of the estate, but also to obtain possession of that property."  <u>In re Moss</u>, 267 B.R. 834, 837 (8th Cir. 2001).

stand.

    B. Failure to Convey Under Section 544

    In Count III, Trustee claims that some or all of the ground rent deeds purported to be held by trust accounts in the names of certain Defendants were not actually conveyed by properly recorded deeds.[7]  Trustee argues that Nochumwitz's failure to properly convey these assets has resulted in his remaining, to the present day, the title holder of the assets.  Based on that allegation, Trustee argues that, under section 544(a)(1) and (a)(3) of Title 11, judgment is appropriate against each Count III Defendant either for the value of the unperfected deeds or for the subordination of any interest in those deeds to that of Trustee.

    Section 544 of title 11 grants the trustee the power to "avoid transfers and liens on the debtor's property that could have been avoided by a creditor under the applicable local law[.]"  5 Collier on Bankruptcy, ¶ 544.01 (15th ed.).  Under section 544(a)(1), the trustee has the rights of "a creditor with a judicial lien on all property on which a creditor could have obtained a judicial lien, whether or not such a creditor actually exists."  Id. at ¶ 544.05.  Section 544(a)(3) provides the trustee with the rights of a bona fide purchaser of real

_____

    [7] Specifically, Count III is asserted against Nochumowitz as well as Jayne Hope Nochumowitz, Ross Adam Nochumowitz, and Ethan Shale Nochumowitz as beneficiaries of deeds of trust purportedly granted by Nochumowitz.  Count III is also asserted against Fred Nochumowitz in his capacity as trustee of those trusts.  Compl. 34.  (Collectively, "Count III Defendants").

property.  Id. at ¶ 544.08.  While section 544 provides the
trustee with the power of a creditor or bona fide purchaser, the
"exercise of such power and its extent are governed entirely by
the applicable state law."  Havee v. Belk, 775 F.2d 1209, 1218
(4th Cir. 1985).

The controlling state statute, the Maryland Uniform
Fraudulent Conveyance Act ("MUFCA"), Md. Code Ann., Com. Law §
15-201, et seq., is subject to a three year statute of
limitations.  Dixon v. Bennett, 531 A.2d 1318, 1320 n.2 (Md. Ct.
Spec. App. 1987) (citing Maryland's general statute of
limitations for civil actions, Md. Code Ann., Cts. & Jud. Proc. §
5-101).  Defendants argue that the trusts in question were
created more than three years prior to the commencement of the
bankruptcy proceeding and, therefore, Trustee is barred from
asserting the rights of a creditor in accordance with section
544(a).

Trustee's allegation that the Count III Defendants failed to
take the necessary steps under Maryland law to perfect their
interest in the transfer of certain ground rent deeds is
sufficient to support a cause of action under section 544(a).
See In re Wheaton Oaks Office Partners Ltd. P'shp, 27 F.3d 1234,
1244 (7th Cir. 1994) (finding that "[i]f the holder of a security
interest in the debtor's property has not taken the necessary
steps under applicable law to put other potential creditors on
notice of his interest (perfection) then the trustee in
bankruptcy, upon commencement of the case, can subordinate or

'avoid' that interest, thus relegating it to a status of a general creditor of the bankruptcy estate."). Count III alleges that Nochumowitz is the current title holder to the ground rent deeds in question because the Count III Defendants have failed to perfect their interest in those deeds. Trustee requests subordination of any interest that Count III Defendants may have in the ground rent deeds in question as of the petition date. Because Trustee alleges that the attempted transfer of the assets in question failed, and that Nochumowitz is the current title holder to those assets, the Maryland statute of limitations does not bar Trustee from asserting a claim under section 544(a).

        C. Fraudulent Transfers Under Section 544 and the MUFCA

        In Counts V, VII, IX, XI, and XIII, Trustee asserts claims for monetary judgement for and avoidance of fraudulent transfers pursuant to sections 544(b) and 550 of title 11 and the MUFCA. Section 544(b) of title 11 "gives the trustee the right to avoid any transfer of the debtor or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under the Bankruptcy Code[.]" 5 Collier on Bankruptcy, ¶ 544.09.[8]

        Here, the applicable state law is the MUFCA which provides, in pertinent part, that "[e]very conveyance made and every obligation incurred by a person who is or will be rendered

_____

        [8] Following avoidance, section 550 of title 11 permits the trustee "to recover the property transferred for the value of the property transferred." 5 Collier on Bankruptcy, ¶ 550.01[1].

insolvent by it is fraudulent as to creditors without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration." Md. Code Ann., Com. Law § 15-204.  Additionally, "[e]very conveyance made and every obligation incurred without fair consideration when the person who makes the conveyance or who enters into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors." Id. at § 15-206.  For purposes of the MUFCA, a "conveyance" is defined to include "every payment of money, assignment, release, transfer, lease, mortgage, or pledge of tangible or intangible property, and also the creation of any lien or incumbrance." Id. at 15-201(c).  As stated above, actions under the MUFCA are subject to a three year statute of limitations.

Defendants argue that Nochumowitz divested himself of ownership of the assets in question by properly transferring title of those assets to others.  Because those transfers in title occurred more than three years prior to the filing of the bankruptcy proceeding, Defendants contend that the Maryland statute of limitations bars Trustee's section 544 claims. Further, Defendants argue that the income generated from the assets in question in the three years preceding the bankruptcy filing was generated by and for themselves, not by Nochumowitz. Thus, Defendants claim that no legal basis exists to avoid transfers of that income.  Relying on the validity of their

9

ownership interests in the assets in question, Defendants read
the Complaint as an attempt by Trustee to sidestep the statute of
limitations under the theory that one of Nochumowitz's alleged
creditors may have been a minor when that creditor's cause of
action arose.[9]

Defendants' argument for the dismissal of Trustee's section
544 claims is based on the factual supposition that Nochumowitz
actually and properly transferred title of the assets in question
beyond the limitation period.  Trustee, however, refutes these
facts arguing instead that Nochumowitz only purported to transfer
these assets and that, in reality, he remains the current owner
of each of these assets.  See, e.g., Compl. 9-10 ("Debtor
purported to divest himself of assets . . . and to set up new
businesses under the guise of having no ownership interests in
them.  He also purported to shield his money and assets by
establishing illusory trusts in the names of his three children
and by transferring assets to his wife.").[10]  Based on the

_____

[9]  Under Maryland's infancy statute, "[w]hen a cause of
action subject to a limitation under Subtitle 1 of this title or
Title 3, Subtitle 9 of this article accrues in favor of a minor
or mental incompetent, that person shall file his action within
the lesser of three years or the applicable period of limitations
after the date the disability is removed."  Md. Code Ann., Cts. &
Jud. Proc. § 5-201.

[10]  Trustee bases his argument that Nochumowitz continues to
own the assets in question partly under the doctrine of
continuous concealment.  Under that doctrine, discharge of a
bankruptcy may be denied despite the transfer of an asset
occurring outside the statutory period where debtor has concealed
the retention of a beneficial interest in the asset.  6 Collier
on Bankruptcy, ¶ 727.02[2][b].  Several courts have recognized
the doctrine of continuous concealment in the context of section

factual allegation that Nochumowitz is the current owner of the assets in question, Trustee argues that the transfers of income generated by those assets to Defendants during the three years prior to the filing of the bankruptcy petition are subject to avoidance under section 544 and the MUFCA.

In stating his claim under the MUFCA, Trustee alleges that, continuously throughout the three year period preceding the filing of the bankruptcy petition, Nochumowitz transferred income generated from his assets to the Defendants.   Trustee further alleges that Nochumowitz made the transfers with the intent to hinder, delay or defraud his creditors, he made them at a time in which he was insolvent or would be rendered insolvent by the transfers, and that he made them without receiving fair consideration.   Compl. 18; see Dixon, 531 A.2d at 1320 n.2 (noting that "[t]o maintain a suit pursuant to MUFCA, the plaintiff needs to allege that a creditor-debtor relationship exists and that the debtor has fraudulently transferred assets.").   Because the Court must accept Trustee's factual allegation that Nochumowitz is the current owner of the assets in question, the Court finds that Maryland's statute of limitations would not bar an action based upon transfers of income generated from those assets which occurred in the three years preceding the

---

727(a)(2) of title 11.   See, e.g., In re Rosen, 996 F.2d 1527, 1532 (3d Cir. 1993); In re Olivier, 819 F.2d 550, 553 (5th Cir. 1987); In re Keeney, 227 F.3d 679, 682-83 (6th Cir. 2000); In re Kauffman, 675 F.2d 127, 128 (7th Cir. 1981).   The Court offers no opinion here as to whether the doctrine applies to actions under sections 544 and 548 of title 11.

bankruptcy filing.   Thus, taking the facts regarding the ownership of the assets in question in the light most favorable to Trustee, Counts V, VII, IX, XI, and XIII will survive.

D. Transfers During Creditor's Period of Disability

Like his claims in Counts V, VII, IX, XI, and XIII, in Count XV, Trustee asserts a claim for monetary judgment for and avoidance of fraudulent transfers pursuant to sections 544(b) and 550 of title 11.   Count XV differs, however, in that Trustee attempts to reach transfers made by Nochumowitz beyond the three year statute of limitations period.   Thus, rather than attempting to avoid only the transfers of income generated by the Nochumowitz's concealed assets, in Count XV, Trustee attempts to avoid the purported transfer of the assets themselves.

In making his claim under Count XV, Trustee relies on the Maryland infancy exception to the general statute of limitations, which provides that "[w]hen a cause of action subject to a limitation under Subtitle 1 of this title or Title 3, Subtitle 9 of this article accrues in favor of a minor or mental incompetent, that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed."   Md. Code Ann., Cts. & Jud. Proc. § 5-201(a).   Trustee argues that he stands in the shoes of all lead paint claimants who were minor children when Nochumowitz purported to transfer the assets in question.[11]   Thus, he

---

[11]   Specfically, Nochumowitz identifies as the subject of Count XV the following purported transfers: "(a) ground rent

contends that he may assert any claims arising from such transfers which would not have accrued against minor creditors until the expiration of the three year limitation period after the date on which such creditors reached the age of majority.

The infancy exception to Maryland's three year statute of limitations provided in section 5-201 of the Maryland Courts and Judicial Proceedings Article applies to those causes of action "subject to a limitation under Subtitle 1 of this title[.]" See Md. Code Ann., Cts. & Jud. Proc. § 5-201(a).  Because claims under the MUFCA asserted by a bankruptcy trustee under section 544(b) of title 11 are subject to the limitations period provided in subtitle 1 of the Courts and Judicial Proceedings Article, the infancy exception applies to fraudulent conveyance claims brought under the MUFCA.  See Dixon, 531 A.2d at 1320 n.2.  A bankruptcy trustee acting under section 544(b) stands in the shoes of all creditors, and, therefore, may invoke the infancy exception in defense to a limitations claim.  See In re Porras, 312 B.R. 81, 97 (Bankr. W.D. Tex. 2004) ("[T]he Trustee under [section] 544(b) may use statutes of limitations available to any creditor in whose shoes he stands in bringing the action.").

Defendants argue that, for the Maryland infancy exception to stay the limitations period, an infant creditor's cause of action

---

deeds to himself and his wife, Mrs. Nochumowitz, allegedly as tenants by the entireties; (b) ground rent deeds, money, and other property to the trusts identified in paragraph 130 [of the Complaint]; (c) funds to the Carrollton Bank accounts of such trusts and/or Custodial Accounts; and (d) income from the Concealed Assets to others[.]"  Compl. 42.

must have arisen at the time the allegedly fraudulent transfers
were made.  They contend that the Trustee failed to allege that
any of Nochumowitz's creditors (including infants) were creditors
at the times when the transfers in question occurred.  Thus,
Trustee failed to state that a cause of action had arisen which
was capable of implicating the Maryland infancy statute.  <u>See</u>
<u>Dixon</u>, 531 A.2d at 1320 n.2 (noting that "[t]o maintain a suit
pursuant to the MUFCA, the plaintiff needs to allege that a
creditor debtor relationship exists and that the debtor has
fraudulently transferred assets.").

Contrary to Defendants' contention, the Complaint
specifically alleges that causes of action had arisen for minor
creditors of Nochumowitz at the time that he purported to
transfer the assets in question.  The Complaint states that "[i]n
anticipation of, and in response to hundreds of lead paint claims
against him . . . Debtor engaged in a complicated, but fraudulent
pre- and post-petition scheme to conceal his assets from his
creditors . . . ."  Compl. 3.  Further, the Complaint alleges
that "Debtor's creditors include one or more persons who are
minors now or were at the time of the acts complained of . . ."
and that Nochumowitz's creditors were "principally low-income
children poisoned by lead paint [who] hold judgments and claims
against him they cannot collect."  <u>Id.</u> at 3, 5.  Defendants seem
to acknowledge Trustee's allegation that, at the relevant time,
Nochumowitz's minor creditors existed.  In their Reply Brief,
Defendants note that "Trustee alleges in the Complaint that there

14

were creditors of the Debtor that existed back in the 1980s and
1990s." Reply Br. 13. Thus, the Court finds that Trustee has
asserted facts which could support the application of Maryland's
infancy statute.

With respect to the claims of Count XV which are raised
specifically against Amy Sue Nochumowitz, the Debtor's wife,
Defendants allege that Maryland's Family Law Article precludes
the application of the infancy statute. The relevant portion of
the Article provides that "[a] transfer of property between
spouses is invalid if made in prejudice of the rights of present
creditors" and that "[a] claim under this paragraph shall be
asserted within 3 years after the transfer or be barred
absolutely." Md. Code Ann., Fam. Law § 4-301(d). Accordingly,
Defendants claim that any and all claims challenging transfers
which occurred three years prior to the filing of the bankruptcy
petition between Nochumowitz and his wife are absolutely barred
as a matter of law.

An exception to the absolute bar of section 4-301 of the
Family Law Article exists where some act or omission on the part
of one spouse kept the plaintiff in ignorance of the alleged
fraudulent transfer, and the act or omission was of such a
character as to conceal itself. Citizens Nat. Bank of Havre De
Grace v. Leffler, 179 A.2d 686, 689 (Md. 1962). Thus, to avoid
the three year absolute bar under section 4-301 of the Maryland
Family Law Article, Trustee must allege that either Nochumowitz
or his wife engaged in acts designed to conceal the transfers in

15

question and that those acts were not generally discoverable.

The Complaint specifically alleges that Nochumowitz engaged in "misrepresentations and omissions of information . . . designed to defraud his creditors."  Compl. 31.  The Complaint notes that these acts and omissions "kept Debtor's creditors from discovering Debtor's conduct."  <u>Id.</u>  Trustee claims that the conveyances in question were of the character to conceal themselves because the assets were privately held, Nochumowitz kept information from the Court, and Nochumowitz reported no ground rent income on his separately filed tax returns.  Trustee further alleges that, because of this deceptive conduct, "creditors have been delayed and hindered in their ability to pursue their claims."  Taking these facts in Trustee's favor, as it must, the Court finds that Trustee has adequately pled a cause of action against Amy Sue Nochumowitz under Count XV.

### E.  Fraudulent Transfers Under Title 11

In Counts IV, VI, VIII, X, and XII, Trustee asserts claims for monetary judgement and avoidance of fraudulent transfers pursuant to sections 548 and 550 of title 11.[12]  Section 548 is

---

[12]  The language of section 548 applicable to this action provides:

> (a) (1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily--

> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date

the federal fraudulent transfer avoidance provision.  5 <u>Collier on Bankruptcy</u>, ¶ 548.01.  Generally, section 548 allows the trustee to avoid any transfer of an interest in property that depletes the debtor's assets to the detriment of the estate that was made within one year before the commencement of the bankruptcy case.[13]  <u>Id.</u>  A "transfer" includes "each mode . . . of disposing of or parting with-- (i) property; or (ii) an interest in property."  11 U.S.C. § 101(54)(A).  An "interest in property" extends beyond "a formal transfer of title or property ownership[,]" and includes "[t]ransfer of possession, custody or control[.]"  5 <u>Collier on Bankruptcy</u>, ¶ 548.02[1][b].

---

> that such transfer was made or such obligation was incurred, indebted; or
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>
> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or
>
> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

11 U.S.C.A. § 548(a)(1) (2004).

[13]  The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended section 548 to provide a general reachback period of two years.  Pub. L. No. 109-8, § 1406(b)(2) (2005). This change was made effective only with respect to those cases commenced on or after April 21, 2006.  <u>Id.</u>

Here, as above, Defendants claim that the only "transfers" in question are the transfers of title in the individual assets listed in the complaint made by Nochumowitz more than one year prior to the filing of the bankruptcy petition.  Defendants assert that limitations period of section 548 precludes Trustee from stating a claim as to each of the transfers in question.

Like his fraudulent conveyance argument under section 544, Trustee alleges that Nochumowitz owns the assets in question and asserts that any transfer of income generated from those assets made within the past year can be avoided under section 548. In supporting his claim, Trustee alleges that such transfers were made with the actual intent to hinder and defraud his creditors, making those transfers avoidable under section 548(a)(1)(A).  See In re Exide Techs., Inc., 299 B.R. 732, 749 (D. Del. 2003) (noting that a claim under section 548(a)(1)(A) must allege that the transfers in question were made with actual intent to hinder, delay or defraud his creditors).

Additionally, Trustee alleges that Nochumowitz received less than equivalent value for the transfers at a time when he was insolvent, making the transfers avoidable under sections 548(a)(1)(B).  See id. at 746-47 (noting that a claim under section 548(a)(1)(B) must allege that "(1) the alleged transfer was made or incurred within one year before the date of the filing of the petition, (2) the debtor did not receive reasonably equivalent value for the property transferred, and (3) one of the following: (a) the debtor was insolvent on the date such transfer

18

was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; . . . ."). Because Trustee alleges that Nochumowitz owns the assets in question, that he transferred income from those assets to Defendants in the year preceding the filing of the bankruptcy petition, and that he did so in a manner which would make those transfers voidable under section 548, Counts IV, VI, VIII, X, and XII will survive.

F. Disallowance and Equitable Subordination

In Count XIV, Trustee asserts claims for disallowance or equitable subordination pursuant to section 510(c) of title 11.[14] Trustee alleges that, in his amended bankruptcy schedules, Nochumowitz has revealed "hundreds of thousands of dollars of alleged debts that he says he owes to his immediate family members and Dr. Rief." Compl. 29.[15] Trustee argues that claims made by Count XIV Defendants with regard to the recovery of these debts should be disallowed, or, alternatively, subordinated to all other claims of creditors in the bankruptcy case.

Section 501(c) permits a bankruptcy trustee "to file a proof of claim on behalf of a creditor when the creditor does not

---

[14] Section 501(c) of title 11 provides:
(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

[15] These debts, which Trustee refers to as "Purported Family/Friend Debts" allegedly include loans made to Nochumowitz by Fred and Mildred Nochumowitz, Amy Sue Nochumowitz as custodian for Ethan, Jayne, and Ross Nochumowitz, and from Dr. Rief (collectively "Count XIV Defendants"). The amount of the debt tallies to an estimated $400,000. Trustee's Opp'n 24.

timely file its proof of claim."  4 <u>Collier on Bankruptcy</u> ¶ 501.04.  "A proof of claim is a written statement setting forth a creditor's claim."  Fed. R. Bankr. P. 3001.  For a claim to be allowed under Chapter 7, "[a]n unsecured creditor or an equity security holder must file a proof of claim or interest[.]"  Fed. R. Bankr. P. 3002.  To establish that subordination of a claim is an appropriate remedy, a bankruptcy trustee must demonstrate three elements: "1) whether the claimant engaged in fraudulent conduct, 2) whether the conduct resulted in injury to creditors and 3) whether subordination would be consistent with other bankruptcy law."  <u>In re ASI Reactivation, Inc.</u>, 934 F.2d 1315, 1321 (4th Cir. 1991).

Here, Count XIV Defendants argue that Trustee's claim for equitable subordination or disallowance should be dismissed as a matter of law because they are not claimants of Nochumowitz's estate.  Rule 3002 of the Federal Rules of Bankruptcy Procedure requires a creditor to submit a proof of claim to be considered a claimant in the bankruptcy proceeding.  Count XIV Defendants' failure to file a proof of claim precludes them from being considered claimants to Nochumowitz's bankruptcy estate.[16]

Trustee urges the Court to allow Count XIV due to the

---

[16]  Rule 3002 also provides that, with limited exceptions, "[i]n a chapter 7 liquidation . . . a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code[.]" Fed. R. Bank. P. 3002.  Count XIV Defendants concede that the bar date has now passed and that they do not intend to seek leave of Court to file proofs of claim.  Mot. to Dismiss 16; Reply 16 n.16.

possibility that Count XIV Defendants may attempt to file late
claims.  Trustee submits, however, that were Count XIV Defendants
precluded from asserting claims against the estate, "the Court
would have reason to dismiss the claim for equitable
subordination."  Trustee's Opp'n 25.  Finding that Count XIV
Defendants' failure to file a proof of claim in accordance with
the requirements of Rule 3002 precludes them from asserting
claims against the Nochumowitz estate, the Court will dismiss
Count XIV.

    G. Aiding and Abetting

    In Count XVI, Trustee asserts a claim for monetary judgment
against Amy Sue Nochumowitz and Dr. Reif ("Count XVI Defendants")
for aiding and abetting fraudulent conveyances.  Count XVI
Defendants argue that no such cause of action exists under
Maryland law because aiding and abetting claims in Maryland must
be predicated upon a non-statutory tort.  While they provide no
direct support for their contention, Count XVI Defendants argue
that a statutory tort must provide a specific reference to aiding
and abetting for such a cause of action to stand and the MUFCA is
silent in that respect.[17]  In their reply brief, Count XVI
Defendants also raise the argument that, if civil aiding and

---

[17]  The primary case cited by Defendants in support of the
contention that no cause of action exists for aiding and abetting
statutory torts is Chepstow Limited v. Hunt, 381 F.3d 1077, 1088-
89 (11th Cir. 2004).  There, the Court held that a third party
who aids and abets a debtor in carrying out a fraudulent transfer
is not subject to civil aider and abetter liability if the third
party is neither a debtor nor a transferee.  Chepstow, 381 F.3d
at 1088.

abetting exists under Maryland law, Trustee would lack standing
to assert such a claim.

Count XVI Defendants base their standing argument on the
general contention that the bankruptcy code "does not confer
authority upon the Trustee to pursue state law damage claims" on
behalf of the debtor's unsecured creditors.  Reply Br. 15
(quoting In re Canyon Sys. Corp., 343 B.R. 615, 657 (Bankr. S.D.
Ohio 2006)).  In Canyon Systems, the Court found that section
544(b)(1) of title 11 does not provide a bankruptcy trustee with
the power to pursue state law damage claims because that section
specifically provides only the power of avoidance.  343 B.R. at
657.  The Canyon Systems Court noted, however, that a trustee may
assert state law damage claims belonging to the debtor when
acting as the representative of the bankruptcy estate under
sections 323[18] and 541(a)[19] of title 11 or when acting in his
creditor capacity under section 544(a).  Here, if it exists under
Maryland law, the cause of action for aiding and abetting
fraudulent transfers would belong to the creditors of
Nochumowitz's estate, not to Nochumowitz himself.  Thus, Trustee
has no standing under sections 323 and 541(a).  See In re Porter

---

[18]  Section 323 of title 11 provides:
   (a) The trustee in a case under this title is the
representative of the estate.
   (b) The trustee in a case under this title has capacity to
sue and be sued.

[19]  Generally, section 541(a) of title 11 "creates the
bankruptcy estate, which consists of all the property that will
be subject to the jurisdiction of the bankruptcy court."  5
Collier on Bankruptcy ¶ 541.01.

<u>McLeod</u>, 231 B.R. 786, 792 (D. Colo. 1999) (noting that "[w]hen a trustee brings an action pursuant to [section] 541(a) as successor to the debtor's interests in property, his standing stems from his debtor's status <u>qua</u> debtor.").  Further, under section 544(a), a trustee has standing to pursue claims obtained derivatively from creditors.  <u>In re Porter McLeod, Inc.</u>, 231 B.R. 786, 793 (D. Colo. 1999) (finding that "the trustee is acting in his capacity <u>as</u> <u>a</u> <u>creditor</u> under [section] 544(a) to bring a'creditors bill' to reach choses in action that belong to the debtor.") (emphasis in original).  The trustee has no standing, however, to bring personal claims "on behalf of the estate's creditors against third parties."  <u>In re Ozark Restaurant Equipment Co., Inc.</u>, 816 F.2d 1222, 1227 (8th Cir. 1987).

Here, the cause of action for aiding and abetting asserted by Trustee is predicated upon his claims for fraudulent transfer arising under section 544(b).  Trustee has failed to assert that standing exists, independent of that section, to pursue a state law damages claim against third party defendants.  <u>See</u> <u>In re Myers</u>, 320 B.R. 677, 669 (Bankr. N.D. Ind. 2005) ("[Section] 544(b)] does not give the trustee the power to pursue any action that might be brought by debtor's creditors . . . .  If the trustee seeks to do something other than avoid a particular transaction, the power to do so must come from somewhere other than [section] 544(b).").  Thus, Count XVI will be dismissed.

## IV. CONCLUSION

For the above stated reasons, Defendants' Motion to Dismiss

will be granted in part and denied in part.  Counts XIV and XVI will be dismissed.  A separate order consistent with the reasoning of this Memorandum will follow.


_____/s/_____
William M. Nickerson
Senior United States District Judge

Dated: January 24, 2007