**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In Re: | : Bankr. No. 05-36870-NVA |
| PAUL WYE NOCHUMOWITZ | : (Chapter 7) |
| | : |
| *   *   *   *   *   *   * | : |
| | : |
| GEORGE W. LIEBMANN | : |
| | : |
| v. | : Bankr. Adversary No. 06-1578 |
| | : Civil Action No. WMN-06-2583 |
| PAUL WYE NOCHUMOWITZ et. al | : |
| | |
| *   *   *   *   *   *   *   *   *   *   *   *   * | |
| | |
| In Re: | : Bankr. No. 05-36514-NVA |
| MARSHALL RIEF | : (Chapter 7) |
| | : |
| *   *   *   *   *   *   * | : |
| | : |
| ZVI GUTTMAN | : |
| | : |
| v. | : Bankr. Adversary No. 06-1579 |
| | : Civil Action No. WMN-06-2823 |
| MARSHALL RIEF et. al | : |

**MEMORANDUM**

Before the Court are separate Motions to Consolidate filed by George W. Liebmann and Zvi Guttman ("Trustees"), as Chapter 7 Trustees for Paul Wye Nochumowitz and Marshall Rief, respectively.[1]  Civ. No. 06-2583, Paper No. 24; Civ. No. 06-2823, Paper No. 27.  Debtors and Non-debtor Defendants have opposed each of these motions.[2]  Civ. No. 06-2583, Papers No. 27, 28;

---

[1] Trustees are represented by the same counsel.  Trustee Guttman's motion to consolidate adopts and incorporates the motion filed by Trustee Liebmann.  See Civ. No. 06-2823, Paper No. 27.

[2] Debtors and Non-Debtor Defendants are also represented by the same counsel.  Their Oppositions to the Motions to Consolidate are substantially identical.  Compare  Civ. No. 06-2583, Paper No. 27; with Civ. No. 06-2823, Paper No. 29.

Civ. No. 06-2823, Papers No. 29, 30.  Upon a review of the motions and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the Motions to Consolidate will be granted.

**FACTS AND PROCEDURAL HISTORY**

On July 31, 2006, Trustees filed separate Complaints in the United States Bankruptcy Court for the District of Maryland. Each Complaint includes substantially similar factual and legal allegations with respect to both Debtors.  Specifically, Trustees allege that Debtors are business partners and former landlords in Baltimore City who engaged in a series of fraudulent business transactions designed to conceal their assets in an effort to avoid actual and potential liability resulting from lead paint claims which former tenants had filed against them.  Nochumowitz Compl. ¶ 1; Rief Compl. ¶ 1.  Trustees identify several "concealed assets" which are nominally controlled by the wives of the Debtors, but which Trustees allege that Debtors continue to jointly own.  These joint assets consist of interests in several businesses, including Big Boyz Bail Bonds, Inc., Big Girlz, LLC, Control Properties, LLC, and Gunner Bay, LLC.  See Nochumowitz Compl. ¶¶ 29-36; Rief Compl. ¶¶ 24-33.[3]  In both actions, Trustees advance the same core legal theory, namely, that

---

[3] In the Nochumowitz Complaint, Trustee Liebmann further contends that, in addition to his business interests, Nochumowitz has concealed several individually held assets, including illusory trusts established in the names of his children and multiple ground rent deeds which were acquired or re-titled under his wife's name.  Nochumowitz Compl. ¶¶ 37-43.

2

transfers of income generated by these concealed interests to Non-Debtor Defendants constitute fraudulent conveyances which may be avoided under the Bankruptcy Code.

In each action, this Court granted motions to withdraw the adversary proceeding from the Bankruptcy Court and granted in part and denied in part motions to dismiss.  Civ. No. 06-2583, Papers No. 5, 22; Civ. No. 06-2823, Papers No. 6, 25.  Trustees now argue that, because of the factual and legal similarities between these actions, consolidation would promote the interests of judicial economy and eliminate the risk of inconsistent rulings.  Debtors and Non-Debtor Defendants contend that they would suffer unnecessary delay and prejudice as a result of consolidation and that a consolidated trial would be confusing and misleading to the jury.

## DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure allows the Court to consolidate "actions involving a common question of law or fact [which] are pending before the court[.]"  Fed. R. Civ. P. 42(a).  The Court enjoys broad discretion as to whether to order consolidation.  R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 959 (4th Cir. 1999).  Rule 42(a) is designed to promote "expedition and judicial economy while providing justice to the parties."  9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2381 (2d ed. 1994).

The Court finds that the interests of judicial economy strongly support consolidation of these two cases.  The factual

allegations underlying the two actions are substantially similar and involve many of the same assets and parties.  The legal claims and defenses advanced in each action are identical.  The Trustees are represented by the same counsel, as are the Debtors and Non-Debtor Defendants.  Consolidation of the two cases will foster clarity, efficiency, the avoidance of confusion and prejudice, and will eliminate the risk of inconsistent factual and legal determinations.  See Arnold v. Eastern Air Lines, 681 F.2d 186, 192-193 (4th Cir. 1982) (finding that the "critical question for the district court . . . was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned . . . .").

**CONCLUSION**

For the above stated reasons, Trustees' Motions to Consolidate will be granted.  A separate order consistent with the reasoning of this Memorandum will follow.

                                                  _____/s/_____
                                                  William M. Nickerson
                                                  Senior United States District Judge

Dated: March 29, 2007